UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Felix Aguirre Montano,

        Petitioner,                    Case No. 24-cv-324 (JMB/LIB)

v.                               **REPORT AND RECOMMENDATION**

Mark King,

        Respondent.

Pursuant to a general referral made in accordance with 28 U.S.C. § 636 and Local Rule 72.1, this matter comes before the undersigned United States Magistrate Judge upon Petitioner Felix Aguirre Montano's Amended Petition for a Writ of Habeas Corpus. [Docket No. 6]. Finding no hearing necessary, the Court issues the present Report and Recommendation.[1]

For the reasons discussed herein, the Court recommends that Montano's Amended Petition for Writ of Habeas Corpus, [Docket No. 6], be **DENIED**, and this action be **DISMISSED with prejudice**.

**I.     Background**

On May 14, 2018, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. United States v. Montano, 4:18-cr-10011 (JEM)(2), Change of Plea Hearing Minute Entry [Docket No. 28] (S.D. Fla. May 14, 2018). On July 30, 2018, Petitioner was sentenced to a 96-month term of imprisonment to be followed by a five-year term of supervised

---

[1] Upon review of the present record, the Court finds that a hearing is unnecessary in this action because a hearing on the Amended Petition would not aid the Court in its consideration of the Amended Petition. See Wallace v. Lockhart, 701 F.2d 719, 730 (8th Cir. 1983) (observing that dismissal of a "habeas petition without a hearing is proper . . . where the allegations, even if true, fail to state a cognizable constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record").

release. United States v. Montano, 4:18-cr-10011 (JEM)(2), Sentencing Hearing Minute Entry [Docket No. 52] (S.D. Fla. July 30, 2018). Petitioner was subsequently housed at the Federal Correctional Institution in Sandstone, Minnesota ("FCI Sandstone") where he remained at the time he initiated the present action. (See Pet. [Docket No. 1]).

On November 21, 2023, the United States Immigration and Customs Enforcement agency ("ICE") issued a Notice and Order of Expedited Removal ("Removal Order") finding that Petitioner was to be removed from the United States. (Removal Order [Docket No. 8-2]). The Removal Order provides that ICE determined, pursuant to section 235(b)(1) of the Immigration and Nationality Act, that Petitioner was inadmissible to the United States under section 7(A)(i)(I) of the Immigration and Nationality Act. (Removal Order [Docket No. 8-2]). The Removal Order provided that Petitioner was therefore subject to removal from the United States because he was not a citizen or national of the United States; he was a native and citizen of Columbia; he was only "paroled into the United States for criminal prosecution"; and he was "an immigrant not in possession of" any "valid entry document required by the Immigration and Nationality Act." (Id.). The Removal Order was provided to prison administration at FCI Sandstone, and Petitioner was provided with a copy of the Removal Order. See United States v. Montano, 4:18-cr-10011 (JEM)(2), Exhibits to Petitioner's Motion to Reduce Sentence [Docket No. 111-1] at 1, 7 (S.D. Fla. May 17, 2024) (demonstrating that Petitioner submitted a copy of the Removal Order in support of his Motion to Reduce Sentence).

Petitioner initiated the present action on February 5, 2024, and he filed his operative Amended Petition on March 4, 2024. (Amended Petition [Docket No. 6]). Through this action, Petitioner seeks an Order of this Court requiring the Bureau of Prisons ("BOP") to apply all

2

Petitioner's previously earned First Step Act[2] time credits to his sentence computation which according to Petitioner would result in his immediate release. (See Id.).

The BOP informed Petitioner that he is not eligible for the application of First Step Act time credits to his sentence computation because Petitioner is subject to a final order of removal. (See Id.). Petitioner contends that he is not subject to any final order of removal because he "cannot recall attending a deportation hearing or receiving an order." (Id. at 7). Petitioner also argues that Respondent has failed to meet his burden of demonstrating that Petitioner is subject to a final order of removal because the documentation submitted by Respondent only shows a "Determination of Inadmissibility." (Reply Mem. [Docket No. 10] at 1). Therefore, according to Petitioner, he is not precluded from having his previously earned First Step Act time credits applied to his sentence computation.

## II.   Final Order of Removal

Before the Court addresses the merits of Petitioner's claim that he is entitled to have the First Step Act time credits applied to his sentence computation, the Court must first determine whether Petitioner is subject to a final removal order.

In his Amended Petition, Montano asserted that he did not believe he was subject to a final order of removal because he did not remember attending a removal hearing or receiving a copy of a removal order. After Respondent filed a copy of the "Notice and Order of Expedited Removal," Petitioner altered his argument. In his Reply Memorandum, Petitioner argues that Respondent has still failed to demonstrate that Petitioner is subject to a final removal order

---

[2] The First Step Act ("FSA") became law on December 21, 2018. See 18 U.S.C. § 3632. The FSA contains various carceral reforms, including the potential for certain federal inmates to earn "time credits" which can be applied toward time in prerelease custody or supervised release. See Id.

3

because the documentation submitted by Respondent only shows a "Determination of Inadmissibility." (Reply Mem. [Docket No. 10] at 1).[3]

The Court finds that Petitioner's arguments fail to demonstrate that he is not subject to a valid final order of removal. The Court further finds that Respondent has demonstrated that Petitioner is subject to a final order of removal.

Petitioner's initial assertion that he was not subject to a final order of removal because he was unable to recall attending a deportation hearing or receiving a copy of any order of removal could be liberally construed as a challenge to the constitutional validity of the final order of removal to which he is subject. Put differently, Petitioner's assertions could be liberally construed as arguing he cannot be subject to a valid final order of removal because he was not given the due process he believes was required before such an order may issue.

This Court, however, lacks the jurisdictional authority to adjudicate any challenge to the validity of the final order of removal. Instead, that authority lies exclusively with the appropriate court of appeals. See, e.g., 8 U.S.C. § 1252 (a)(5); Tostado v. Carlson, 481 F.3d 1012, 1014 (8th Cir. 2007); Cruz Quiceno v. Segal, No. 23-cv-358 (NEB/DJF), 2023 WL 3855295, at *3 (D. Minn. Apr. 21, 2023), report and recommendation adopted, 2023 WL 3853433 (D. Minn. June 6, 2023); Pina v. Martinez, No. 2:23-cv-1628, 2023 WL 9423314, at *2 (W.D. La. Dec. 11, 2023), report and recommendation adopted, 2024 WL 314263 (W.D. La. Jan. 26, 2024); Anyanwu v. Bd. of Immigr. Appeals, No. 20-cv-2475 (NEB/HB), 2021 WL 1609127, at *2 (D. Minn. Apr. 26, 2021). Petitioner may not challenge the constitutional validity of the submitted final order of removal in this District Court. Thus, Petitioner's potential challenge to the final order of removal cannot be the basis for habeas relief here. See Cruz Quiceno, 2023 WL 3855295, at *3; Pina, 2023 WL 9423314, at *2.

---

[3] Petitioner does not challenge the authenticity of the documentation Respondent submitted. (See Id.).

Petitioner's argument that Removal Order Respondent submitted demonstrates only a "Determination of Inadmissibility" as opposed to a final order of removal is unpersuasive and not supported by the record. Although the phrase "determination of inadmissibility" is on the Removal Order, that is only a small section of the Removal Order.

The Removal Order has two parts. The top half of the Removal Order is labeled "Notice and Order of Expedited Removal," and it specifically finds that Petitioner is subject to removal from the United States. The bottom half of the Removal Order bears the heading "Order of Removal Under Section 235(b)(1) of the Act," and it specifically orders Petitioner removed from the United States. It would be a mischaracterization of the record to construe the Removal Order as anything other than a final order of removal directing that Petitioner be removed from the United States.

In summation, the Court finds that Respondent has submitted sufficient appropriate evidence to demonstrate that Petitioner is subject to a final order of removal from ICE, which no immigration court or court of appeals has found to be invalid. The Court must assess the present Petition on that basis.

### III.    Eligibility to Apply FSA Time Credits

As mentioned above, the First Step Act ("FSA") contains various carceral reforms, including the potential for certain federal inmates to earn "time credits" which can be applied to the inmate's sentence computation to reduce the length of the inmate's sentence. See 18 U.S.C. § 3632. As relevant to the present action, the FSA provides that "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate described by statute. 18 U.S.C. § 3632(d)(4). These earned time credits can be applied toward an

eligible inmate's time in prerelease custody or supervised release. 18 U.S.C. § 3632 (d)(4)(C). The FSA further provides, however, that a "prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]" 18 U.S.C. § 3632 (d)(4)(E)(i).

In the present case, Petitioner is the subject of a final removal order under the provisions of the Immigration and Nationality Act. (See Removal Order [Docket No. 8-2] at 1). The Removal Order to which Petitioner is subject qualifies as a "final order of removal" under § 3632 (d)(4)(E)(i). See, e.g., Alexander v. Healy, No. 4:23-cv-2384, 2024 WL 2020281, at *3–4 (N.D. Ohio May 7, 2024); Ceron v. Engleman, No. 23-cv-3388 (SSS/AGR), 2024 WL 967858, at *2 (C.D. Cal. Jan. 24, 2024), report and recommendation adopted, 2024 WL 968850 (C.D. Cal. Mar. 6, 2024); Harriot v. Jamison, No. 24-cv-208 (AT/JLC), 2024 WL 2981150, at *4 (S.D.N.Y. June 13, 2024).

Being the subject of the Removal Order renders Petitioner ineligible to have his previously earned First Step Act time credits applied to his sentence computation. See, e.g., 18 U.S.C. § 3632 (d)(4)(E)(i); Balleza v. King, No. 24-cv-160 (NEB/LIB), 2024 WL 4394219, at *3 (D. Minn. Aug. 9, 2024) (collecting cases), report and recommendation adopted, 2024 WL 4392477 (D. Minn. Oct. 3, 2024); Alexander, 2024 WL 2020281, at *4; Ceron, 2024 WL 967858, at *2.[4] Thus, Petitioner is not entitled to the relief requested.

### III. Conclusion

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

---

[4] Notably, Petitioner does not argue that being the subject of the final order of removal renders him ineligible to apply his previously earned First Step Act time credits to his sentence computation. (See Amended Petition [Docket No. 6]; Reply Mem. [Docket No. 10]).

1. Felix Aguirre Montano's Amended Petition for a Writ of Habeas Corpus, [Docket No. 6], be **DENIED**; and

2. The present action be **DISMISSED with prejudice**.

Dated: October 16, 2024                                             s/Leo I. Brisbois
                                                                   Hon. Leo I. Brisbois
                                                                   U.S. MAGISTRATE JUDGE

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition." A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).